**INDUSTRIAL INDEMNITY, INC.,
Plaintiff-Appellant,**

v.

**Moon LANDRIEU, Secretary of the Department of Housing and Urban Development of the United States of America,
Defendant-Appellee.**

No. 79–2748
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 14, 1980.

Baker & Botts, Richard K. Willard, Ralph S. Carrigan, Houston, Tex., for plaintiff-appellant.

Gwynn T. Swinson, Dept. of Justice, Civil Div., Commercial Litigat., Washington, D. C., for HUD.

Locke, Purnell, Boren, Laney & Neeley, Harriet E. Miers, Dallas, Tex., for Metropolitan.

Haynes & Boone, Robin P. Hartmann, Dallas, Tex., for Home Savings.

Before GEE, RUBIN and POLITZ, Circuit Judges.

PER CURIAM:

In 1971, the Secretary of the Department of Housing and Urban Development (HUD) issued a commitment to insure a $2,143,000 mortgage for the construction of the Casa Claire apartment project in Mesquite, Texas, pursuant to § 221(d)(4) of the National Housing Act, 12 U.S.C. § 1715*l* (d)(4) (1976). Section 221(d)(4) is a program of mortgage insurance enacted by Congress to "assist

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

private industry in providing housing for low and moderate income families and displaced families." 12 U.S.C. § 1715*l*(a). Under this program, a private lender provides permanent financing for construction of a housing project, and the Secretary insures the mortgage and agrees to buy it out in the event of default. 12 U.S.C. §§ 1715*l*(b) and (g) (1976). The program is funded from the General Insurance Fund, a mortgage insurance fund created in 1965 from a number of pre-existing mortgage insurance funds. 12 U.S.C. § 1735c (1976).

The "initial closing" of the Casa Claire apartment project occurred on March 16, 1971, and construction began and proceeded on schedule. In May, 1972, construction was almost complete when the project owners defaulted on their mortgage interest payments. The mortgagee foreclosed on the apartment project and eventually deeded the property to the Secretary in order to obtain the mortgage insurance. The Secretary succeeded to all the rights and obligations of the lender under the building loan agreement, 12 U.S.C. § 1715*l*(g) (*incorporating* 12 U.S.C. § 1713[g]), and paid the mortgagee $1,884,465.80 for the sum it had paid out and $91,179.22 for the interest thereon, in satisfaction of the insurance claim. The Secretary did not disburse the $186,590.00 adjusted balance of the original mortgage amount. Of this money, $148,849.00 represented construction retainages or "hold backs," which were portions of

each installment payment for completed construction withheld by the mortgagee from the contractor until the project was finished and specified conditions were met. Industrial Indemnity, as the contractor's surety and assignee, brought suit to recover the construction retainages which had never been paid.

The district court ruled that it was without subject matter jurisdiction and transferred the case under 28 U.S.C. § 1406(c) (1976)[1] to the United States Court of Claims. Rejecting the plaintiff's assertion of jurisdiction under Section 1 of the National Housing Act, as amended, 12 U.S.C. § 1702 (1976), the district court based its order on two recent Ninth Circuit opinions, *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co.*, 595 F.2d 1126 (9th Cir. 1979), and *DSI Corp. v. Secretary of Housing and Urban Development*, 594 F.2d 177 (9th Cir. 1979). These cases held that 12 U.S.C. § 1702 did not constitute a waiver of sovereign immunity and a grant of jurisdiction to the district court because: (1) after the Secretary took assignment of a mortgage, undisbursed mortgage proceeds did not constitute a separate fund, independent of the United States Treasury, from which recovery could be made, and (2) the claims on their merits could not be charged against the fund backing the mortgage insurance.[2] However, the trial court, faced with a division of authority among the circuits[3] and the absence of a Fifth Circuit

---

1. 28 U.S.C. § 1406(c) provides that
   If a case within the exclusive jurisdiction of the Court of Claims is filed in the district court, the district court shall, if it be in the interest of justice, transfer such case to the Court of Claims, where the case shall proceed as if it had been filed in the Court of Claims on the date it was filed in the district court.

2. The Ninth Circuit cases involved suits against the Secretary of Housing and Urban Development for, *inter alia*, construction retainages or *other construction costs* in projects having mortgages insured by the Secretary pursuant to Section 236 of the National Housing Act, 12 U.S.C. § 1715z–1 (1976). Section 236 established a program to provide rental housing to low income families at subsidized rentals funded by the Special Risk Insurance Fund, 12 U.S.C. § 1715z–3 (1976). That the insurance in these cases was issued under a different pro-

gram and supported by a different fund than that in the present action *is not relevant to* analysis of the jurisdictional and sovereign immunity issues now before us.

3. *Compare, e. g., S. S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28 (2d Cir. 1979) (holding Secretary's immunity waived under 12 U.S.C. § 1702 and finding that district court had jurisdiction of contractor's suit for retainages) *and Trans-Bay Engineers & Builders, Inc. v. Hills*, 179 U.S.App.D.C. 184, 551 F.2d 370 (D.C.Cir.1976) (finding waiver of immunity under 12 U.S.C. § 1702 and deciding district court had jurisdiction in contractor's suit involving federally insured housing project) *with Marcus Garvey Square v. Winston Burnett Const.*, 595 F.2d 1126 (9th Cir. 1979) *and DSI Corp. v. Secretary of Housing and Urban Development*, 594 F.2d 177 (9th Cir. 1979) (finding no waiver

ruling on the jurisdictional issue, and concerned that the Court of Claims might determine that it, too, lacked authority to hear the case, certified an interlocutory appeal which was accepted by this court pursuant to 28 U.S.C. § 1292(b) (1976). We reverse and remand for trial on the merits.

Section 1 of the National Housing Act, as amended, 12 U.S.C. § 1702 (1976) provides in relevant part that:

> The Secretary shall, in carrying out the provisions of . . . [*inter alia*, the National Housing Act], be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.

For Industrial Indemnity's claim to be against the Secretary, and therefore within the scope of the "sue and be sued" clause, as opposed to a suit against the United States that could not be brought in federal district court,[4] any judgment for the plaintiff must be recoverable from funds in the possession and control of the Secretary that are severed from Treasury funds and Treasury control. *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947); *Federal Housing Administration v. Burr*, 309 U.S. 242, 250, 60 S.Ct. 488, 492, 84 L.Ed. 724 (1940); *S. S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 36 (2d Cir.

1979); *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co.*, 595 F.2d 1126, 1130–31 (9th Cir. 1979); *DSI Corp. v. Secretary of Housing and Urban Development*, 594 F.2d 177, 179–80 (9th Cir. 1979).

We find that the present suit is against the Secretary of Housing and Urban Development, and not against the United States. A judgment against the Secretary establishing plaintiff's entitlement can be paid out of money in the General Insurance Fund[5] that is a separate fund in the control and possession of the Secretary.[6] *See Trans-Bay Engineers & Builders, Inc. v. Hills*, 179 U.S.App.D.C. 184, 551 F.2d 370 (D.C.Cir.1976) (Special Risk Insurance Fund supporting High Risk Insurance Program of 12 U.S.C. § 1715z–1 (1976) was separate fund in control and possession of Secretary for purposes of sovereign immunity under 12 U.S.C. § 1702); *S. S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 35 (2d Cir. 1979) (claim involving 12 U.S.C. § 1715z–1 program held to be against Secretary of Housing and Urban Development because judgment for plaintiff could be paid out of High Risk Insurance Fund appropriated under National Housing Act and in control or subject to the discretion of the Secretary). The judgment would not "'expend itself in the public treasury,'" *Dugan v. Rank, supra*, 372 U.S. at 620, 83 S.Ct. at 1006, *quoting Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209

of sovereign immunity under 12 U.S.C. § 1702 on facts similar to above contrary cases and holding that district court therefore lacked subject matter jurisdiction).

4. The Tucker Act, 28 U.S.C. § 1346(a)(2) limits the district court jurisdiction in civil suits against the United States to claims not exceeding $10,000. That provision states in applicable part:

> (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

> . . . . .

> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . .

5. 12 U.S.C. § 1735c(b) (1976) provides that:

> The general expenses of the operations of the Department of Housing and Urban Development relating to mortgages and loans which are the obligation of the General Insurance Fund may be charged to the General Insurance Fund.

Industrial Indemnity's claim against the Secretary is based on the latter's having insured the mortgage for the Casa Claire construction project under 12 U.S.C. § 1715*l*(d)(4) (1976). The insured mortgage was an obligation of the General Insurance Fund. *See* 12 U.S.C. § 1735c(a) (1976). Judgment for the plaintiff therefore would "relate to" a mortgage which was the obligation of the General Insurance Fund, and would be payable from that fund.

6. *See* 12 U.S.C. §§ 1735c(a), (c), and (d).

(1947), but on funds in the accounts of the government's officers charged with HUD's application of funds.

The Section 1702 "sue and be sued" clause also requires that the lawsuit relate to the Secretary's duties under the National Housing Act, for it authorizes suit against the Secretary only in his "official capacity" of "carrying out the provisions . . . ." of the Act. *See Federal Housing Administration v. Burr*, 309 U.S. 242, 248, 60 S.Ct. 488, 492, 84 L.Ed. 724 (1940). Suit by a building contractor's surety and assignee over payment for construction work on a housing project insured by the Secretary in a program authorized by the National Housing Act clearly satisfies this criterion. *See Bor-Son Building Corp. v. Heller*, 572 F.2d 174, 179–81 (8th Cir. 1978) (" 'in carrying out' clause in [§ 1702] waiver [of sovereign immunity] is not to be disregarded. . . . ." but is satisfied by contractor's suit against Secretary in connection with construction work on federally insured housing project). Sovereign immunity was thus waived by the Secretary under 12 U.S.C. § 1702, and the present action could be brought in "any court of competent jurisdiction . . . ."

The plaintiff argues that Section 1702 itself established jurisdiction in the federal district court below. There is some authority that Section 1702 is both a waiver of sovereign immunity and a grant of subject-matter jurisdiction to the federal district court. *See e. g., Ferguson v. Union National Bank*, 126 F.2d 753 (4th Cir. 1942); *George H. Evans & Co. v. United States*, 169 F.2d 500, 502 (3d Cir. 1948). However, we believe that such an approach confuses the waiver of sovereign immunity and a grant of subject matter jurisdiction. As we read 12 U.S.C. § 1702, it is plainly no more than a waiver of sovereign immunity and requires another statute to grant jurisdiction in order to make a court competent to hear a case against the Secretary otherwise authorized by Section 1702. *Marcus Garvey*

*Square, Inc. v. Winston Burnett Construction Co.*, 595 F.2d 1126, 1131 (9th Cir. 1979).

We find that the district court below had jurisdiction of the present case under 28 U.S.C. § 1331(a) (1976). That statute grants district courts "federal question" jurisdiction to hear civil actions where the matter in controversy "arises under the Constitution, laws or treaties of the United States . . . ."[7] Industrial Indemnity, in bringing suit against the Secretary and demanding payment of the retainages, in part under the theory that it has an equitable right to recovery in order to avoid unjust enrichment of the Secretary, asked the court to determine whether the Secretary of Housing and Urban Development has an obligation to it based upon equitable rights generated by HUD's course of activities pursuant to the National Housing Act, including the contracts sponsored and prescribed for others as a condition of federal aid. This claim of right is dependent in part on federal common law, and on the rights and obligations of parties under Section 231(d)(4) of the National Housing Act, 12 U.S.C. § 1715*l*(d)(4) (1976). Since a case "arises under the laws of the United States" if the disposition of issues stated in the complaint requires the application of federal common law, *Illinois v. City of Milwaukee*, 406 U.S. 91, 100, 92 S.Ct. 1385, 1391, 31 L.Ed.2d 712 (1972), or requires the interpretation of relevant statutes, there is federal question jurisdiction for the district court below to hear this case. *Trans-Bay Engineers & Builders, Inc. v. Hills*, 179 U.S. App.D.C. 184, 191–192, 551 F.2d 370, 377–78 (D.C.Cir.1976). To the extent that this conclusion is inconsistent with the rulings in *Marcus Garvey, supra*, 595 F.2d at 1131–32, and *DSI Corp., supra*, 594 F.2d at 179–80, we respectfully disagree with the view adopted by the Ninth Circuit in those cases.

REVERSED AND REMANDED for determination of the merits.

7. When the suit is "brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity" as in

this case, no jurisdictional amount is required. 28 U.S.C. § 1331(a).