MARVIN GARDENS, L.P.,
et al., Plaintiffs,

v.

HOUSING AUTHORITY OF ST. LOUIS COUNTY, et al., Defendants.

No. 91–1638C(6).

United States District Court,
E.D. Missouri, E.D.

Feb. 4, 1992.

Donald R. Carmody, Michael J. Parnas, Carmody MacDonald Hilton & Wolf, St. Louis, Mo., for plaintiffs.

Steven W. Garrett, Keith K. Cheung, Curtis Oetting Heinz Garrett & Soule, St. Louis, Mo., for defendants/third party plaintiffs.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for third party defendants.

## ORDER

GUNN, District Judge.

This jurisdictional issue is before the Court on its own motion. The Court concludes that it does not have jurisdiction over this case.

Plaintiffs, owners of housing developments, initially filed this action in the Circuit Court of the County of St. Louis against the Housing Authority of St. Louis County (HASLC) and its commissioners. Plaintiffs' complaint in its current posture seeks to reform contracts they made with HASLC. Each contract, known as a Housing Assistance Payments (HAP) contract, authorized the plaintiffs to receive federally funded subsidies for providing housing to eligible low-income families. Plaintiffs request a recovery in excess of $700,000.

Defendants filed a third-party complaint against the United States Department of Housing and Urban Development (HUD) seeking indemnity for any amount for which the Court might find them liable to plaintiffs. Defendants premise HUD's liability on HUD's review and approval of the disputed HAP agreements and its Annual Contributions Contracts (ACC) with HASLC, which fund the HAP subsidies.

HUD removed the action to this court relying on federal question jurisdiction. *See* 28 U.S.C. § 1331. No one has challenged the propriety of removal.

Several motions are pending. Before the Court can address the merits of this action, however, it must find that the federal third-party defendant has waived sovereign immunity and that the Court has subject matter jurisdiction. *See Weeks Constr., Inc. v. Oglala Sioux Housing Auth.*, 797 F.2d 668, 675 (8th Cir.1986).

A court with jurisdiction pursuant to the Tucker Act (the Act), 28 U.S.C. §§ 1346(a) and 1491(a)(1), will find both conditions satisfied because the Act not only confers jurisdiction but also waives the sovereign immunity of the United States and its agencies for certain non-tort actions. *Id.* For actions requesting damages from the federal government or one of its agencies, the Act vests jurisdiction in the Claims Court. 28 U.S.C. § 1491(a)(1). The Act grants concurrent jurisdiction to the district courts when the action seeks an award not exceeding $10,000. 28 U.S.C. § 1346(a)(2).

If the court in which the action is pending does not have jurisdiction pursuant to the Tucker Act, the parties may rely on alternate statutes for a waiver of sovereign immunity and grant of jurisdiction. *See Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49, 55–56 (2d Cir. 1985) (subject matter jurisdiction over suit against HUD officials founded on 28 U.S.C. § 1442(a)(1), which permits federal agency officers to remove to district court action brought against them in state court); *Industrial Indem., Inc. v. Landrieu*, 615 F.2d 644, 647 (5th Cir.1980) (subject matter jurisdiction premised on 28 U.S.C. § 1331, federal question jurisdiction, and waiver on 12 U.S.C. § 1702, a "sue and be sued" clause, in case wherein HUD was defendant).

The Eighth Circuit addressed the issue of alternative sources of sovereign immunity in an appeal from a district court's dismissal of claims against the United States and HUD. In *Weeks Construction, Inc. v. Oglala Sioux Housing Authority*, 797 F.2d 668, 670 (8th Cir.1986), a builder contracted with the Oglala Sioux Housing Authority to build housing units. The Authority's funds to pay the builder came from an annual contributions contract with HUD. *Id.* The builder sued the Authority for breach of contract and named the United States and HUD as defendants because both might be liable for any amounts the court found that the Authority owed. *Id.* The district court dismissed the claims for lack of jurisdiction. *Id.* Because the plaintiff sought damages in excess of $10,000 on a contract, the Tucker Act vested exclusive jurisdiction in the Claims Court. *Id.* at 675. The Eighth Circuit concluded that as the plaintiff's complaint was framed, the real party in interest was the United States and no other statute waived the United States's sovereign immunity. *Id.* at 675–76. The

Court accordingly affirmed the district court's dismissal of the action. *Id.* at 676.

Although in *Weeks Construction* the United States was a named defendant, courts also treat an action solely against an agency as an action against the United States if " 'the judgment sought would expend itself on the public treasury or domain.' " *Portsmouth Redev. & Hous. Auth. v. Pierce,* 706 F.2d 471, 473 (4th Cir.1983) (quoting *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963)). *See also Weeks Constr.,* 797 F.2d at 675 n. 9. In cases from other circuits in which the plaintiff named HUD but not the United States as a defendant and which involved disputes arising from an ACC agreement such as those before this Court, the courts hold that the monies appropriated to HUD from the public treasury to satisfy its ACC obligations do not cease being public funds after HUD receives them and stores them in its own accounts; the United States is the real party in interest. *See Portsmouth Redev. & Hous. Auth.,* 706 F.2d at 473–74; *Carlyle Gardens Co. v. Delaware State Hous. Auth.,* 659 F.Supp. 1300, 1304–07 (D.Del. 1987).[1]

In this action, HUD's potential liability to HASLC exceeds $700,000. The Tucker Act authorizes the third-party plaintiffs to maintain this action in the Claims Court but not in the district court. *See Weeks Constr.,* 797 F.2d at 675. Furthermore, notwithstanding third-party plaintiffs' denomination of HUD as the third-party defendant, when a court's decision might distribute funds pursuant to an ACC agreement, the real party in interest is the United States. *See Portsmouth Redev. & Hous. Auth.,* 706 F.2d at 473–74; *Carlyle Gardens Co.,* 659 F.Supp. at 1304–07. No statute waives the United States's sovereign immunity for these claims brought against it in a district court. This action is not properly before the Court.

The Court has additional concerns regarding subject matter jurisdiction. The third-party complaint appears to rely entirely on the HUD–HASLC contracts or the HUD approval of the HAPs. Both are primarily contract claims which do not generally satisfy the "arising under the Constitution, laws, or treaties of the United States" requirement for federal question jurisdiction. *See 1610 Corp. v. Kemp,* 753 F.Supp. 1026, 1030–32 (D.Mass.1991) (not alone sufficient for federal question jurisdiction that HAP contract is subject to federal regulation); *Lower Brule Constr. Co. v. Sheesley's Plumbing & Heating Co.,* 682 F.Supp. 1039, 1040 (D.S.D.1988) ("[m]ere regulation of contracts related to low income housing projects is insufficient to create a federal question").[2] The Court, however, need not rely on this potential defect since it concludes that the United States is the real party in interest and it has not waived sovereign immunity.

In the interest of justice, the Court will transfer this action to the Claims Court. *See* 28 U.S.C. § 1631. Plaintiffs' claim against HASLC and its commissioners, although without an independent basis for jurisdiction in the Court of Claims, is within that court's supplemental jurisdiction over the third-party action against HUD. *See Carlyle Gardens Co.,* 659 F.Supp. at 1308–09.

IT IS HEREBY ORDERED that this case shall be transferred to the United States Claims Court.

---

**1.** The Court has found no contrary authority with regard to the nature of these funds. When examining the source of other HUD funds, courts have held that those monies are not from the "public treasury" for purposes of ascertaining if suit is against the United States. *See Industrial Indem., Inc.,* 615 F.2d at 646 (General Insurance Fund); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Bldg. 1 Hous. Dev. Fund Co.,* 608 F.2d 28, 32 n. 3 (2d Cir.1979) (Special Risk Insurance Fund).

**2.** HUD's notice of removal refers to federal question jurisdiction. HUD could not rely on 28 U.S.C. § 1442 because in this district that statute has been interpreted as permitting removal of actions against agency officers and not those simply against an agency. *Woodward v. Turnage,* 646 F.Supp. 219, 222 (E.D.Mo.1986).