**C.C. PORT, LTD. and Weil Properties, Inc., Plaintiffs,**

v.

**DAVIS–PENN MORTGAGE COMPANY and Federal National Mortgage Association, Defendants.**

**Civ. A. No. C–94–182.**

United States District Court, S.D. Texas, Corpus Christi Division.

Sept. 1, 1994.

James Richard Harris, Harris & Thomas, Corpus Christi, TX, for plaintiff.

Thomas Duncan Kennedy, Hutcheson & Grundy, Houston, TX, Charles A. Gall, Jenkins & Gilchrist, Dallas, TX, for defendants.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

JACK, District Judge.

On this date, came on to be heard Defendant's, Federal National Mortgage Association ["FNMA"], Motion to Dismiss for Failure to State Claim in Plaintiffs' First Amended Complaint and Plaintiffs' Response to Defendant's Motion to Dismiss.

### I. JURISDICTION

This cause of action is in federal court as a result of a removal based on original jurisdiction. 12 U.S.C. § 1723(a).

### II. FACTS

Plaintiff, C.C. Port, Ltd., is a Texas limited partnership with its principal place of business in Corpus Christi, Nueces County, Texas. Plaintiff, Weil Properties, Inc., is a Texas corporation with its principal place of business in Corpus Christi, Nueces County, Texas. Defendant, Davis–Penn Mortgage Company, is a Texas corporation with its principal place of business at 3219 Bark Road, Pasadena, Texas. Defendant, Federal National Mortgage Association, is a corporation organized under the laws of the United States of America.

Plaintiff alleges the following facts regarding the transaction. On or about August 22, 1991, C.C. Port, through its general partner, Weil Properties, executed a Multifamily Note ["the Note"] in the face amount of $3,288,500, bearing a stated rate of 10.875% and due in fifteen years for the benefit of Davis–Penn. The Note was secured by a Multifamily Deed of Trust dated August 22, 1991, which granted a first lien deed of trust to Davis–Penn on some apartments commonly referred to as Kingston Port Apartments located in Corpus Christi, Texas. The Note was also secured by security interests in other collateral.

On or about August 22, 1991, Davis–Penn assigned its interest in the Note and in the collateral securing it to FNMA. Davis–Penn remains the servicer of the Note.

The Note provided that during the first ten years of the Note beginning with the date of the Note ["the Yield Maintenance Period"], the Borrower could repay the lender upon sixty days prior notice the entire unpaid principal balance of the Note only by tendering in addition to all amounts then due, a "prepayment premium."

Plaintiffs argue the "prepayment premium" in its entirety is interest under the law. In the alternative, Plaintiffs argue the "prepayment premium" is unreasonable and either in its entirety or to the extent it is unreasonable constitutes interest under the law. Lastly, the Plaintiffs maintain that the "prepayment premium" is incalculable. Plaintiffs allege the "prepayment premium" is in fact interest and therefore, the Note is usurious loan contract.

Plaintiffs also seek a declaratory judgment that the prepayment premium is void for (i) lack of mutuality or want of consideration; or (ii) that the prepayment is unenforceable because it is incalculable.

On or about November 23, 1993, in response to an inquiry by Plaintiffs, Defendants charged the Plaintiffs with a "prepayment premium" of $1,174,538.09. This charge was made in Corpus Christi, Texas

and Plaintiffs allege that the charge in whole or in part, constitutes interest under Texas law and is usurious. Plaintiffs argue that since Defendants have contracted for usurious interest they are entitled to those damages, remedies, and penalties, provided under both common law and statute.

### III. CAUSES OF ACTION

 For the purpose of this Motion to Dismiss, this Court takes Plaintiffs' factual allegations as true. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Plaintiff's Amended Complaint alleges several causes of action; (1) usury, (2) lack of consideration, (3) lack of mutuality and (4) the "prepayment premium" is incalculable. Defendant's Motion to Dismiss addresses only the usury claim. Consequently, the claims of lack of consideration, lack of mutuality and that the "prepayment premium" is incalculable are not addressed in this Order.

▮ Plaintiffs allege the mortgage agreement with Defendants was usurious. Under Texas law, the "essential elements of a usurious transaction are: (1) a loan of money; (2) an absolute obligation that the principal be repaid; and (3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower." *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex. 1982); *Najarro v. SASI Int'l, Ltd.*, 904 F.2d 1002, 1005 (5th Cir.1990).

▮ Texas law generally does not allow a borrower the right to prepay a loan unless the contract specifically states such prepayment is permissible. *Parker Plaza West Partners v. UNUM Pension & Ins. Co.*, 941 F.2d 349, 352 (5th Cir.1991). Even when prepayment is permissible, any premium assessed upon prepayment "is not regarded as 'interest' within the meaning of the usury statutes, so that a voluntary prepayment premium exceeding the allowable interest rates does not constitute usury." *Hettig & Co. v. Union Mutual Life Ins. Co.*, 781 F.2d 1141, 1145 (5th Cir.1986). Texas courts view this prepayment premium as a charge in order for the borrower to exercise its option to pay off the loan early. *Parker Plaza*, 941 F.2d at 352.

Therefore as a matter of law, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Jurisdiction as to the usury claim is hereby GRANTED for the reasons discussed above. Plaintiff's cause of action for usury is hereby DISMISSED.

ORDERED.