**RINCON DEL SOL, LLC, Plaintiff,**

**v.**

**LLOYD'S OF LONDON, Steadfast Insurance Company, Essex Insurance Company, Axis Surplus Insurance Company, Crouch Insurance Consulting, Gregory Crouch, York Claims Service, Inc. d/b/a York Sla, Mike Carpenter d/b/a Carpenter Asset Manage-**

---

**52.** *Id.*

518

ment Associates LLC, Michelle Whiteside, Individually, Trimont Real Estate Advisors, Bank of America Corporation, Fannie Mae Foundation, Tritex Real Estate Advisors, Inc., and Fannie Mae, Defendants.

Civil Action No. H–10–346.

United States District Court,
S.D. Texas,
Houston Division.

April 27, 2010.

Frederick L. McGuire, Attorney at Law, Liberty, TX, Colleen Michele McClure, Law Offices of Frederick L. McGuire, Spring, TX, for Plaintiff.

Eric W. Pinker, Edward Jason Dennis, Lakeisha M. Forte, Lynn Tillotson Pinker & Cox, LLP, Michael Anthony Parsons, II, Brad E. Brewer, Zelle Hofmann Voelbel Mason LLP, Dallas, TX, Anthony Lee Icenogle, Icenogle & Sullivan, L.L.P., Austin, TX, Yasmin Islam Atasi, Justin Bryan Whitley, Winstead PC, Houston, TX, for Defendants.

## ORDER

DAVID HITTNER, District Judge.

Pending before the Court are Defendants Crouch Insurance Consulting, Ltd., LLC and Gregory Crouch's Rule 12(b)(6) Motion to Dismiss and Brief in Support, Defendant Michele Whiteside's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to FED.R.CIV.P. 12(b)(2), and, Subject Thereto, Defendants Michele Whiteside, Fannie Mae, Fannie Mae Foundation, Bank of America Corporation, Trimont Real Estate Advisors, Inc., and Tritex Real Estate Advisors, Inc.'s Motion to Dismiss Plaintiff's Claims Pursuant to FED. R.CIV.P. 9(b) and 12(b)(6), and Plaintiff Rincon Del Sol, LLC's Motion to Remand. Having considered the motions, submissions, and applicable law, the Court determines the motion to remand should be granted and the motions to dismiss should be denied as moot.

## BACKGROUND

This case arises from a dispute over insurance coverage for an apartment complex located in Houston, Texas. Plaintiff Rincon Del Sol, LLC ("Plaintiff"), a California corporation, alleges that an apartment complex (the "Property") it owns incurred $634,057.87 worth of damage as a result of Hurricane Ike. According to Plaintiff, the insurance carriers fraudulently assessed damage at $48,901.99, an amount below the deductible, and refused to pay Plaintiff's claims. Plaintiff further alleges that some of the defendants breached a forbearance agreement made while awaiting proceeds of its insurance claims, resulting in foreclosure of the Property.

On January 6, 2010, Plaintiff filed its original petition in the 281st Judicial District Court of Harris County, Texas, alleging various causes of actions against multiple defendants. Plaintiff amended its complaint on January 28, 2010, adding the Federal National Mortgage Association ("Fannie Mae") as a defendant. On February 8, 2010, Defendants Steadfast Insurance Company, Essex Insurance Company, and Axis Surplus Insurance Company ("Removing Defendants" or "Defendants") filed a notice of removal to federal court asserting diversity jurisdiction. These defendants admit that Defendants Mike Carpenter, Gregory Crouch, and Crouch Insurance Company ("Texas Defendants") are citizens of Texas for diversity purposes but argue that they were improperly joined. The Removing Defendants contend there is "no reasonable possibility of recovery" against the Texas Defendants, making removal proper. Plaintiff argues that the Texas Defendants were not improperly joined because Plaintiff has asserted legitimate claims against them and, therefore, the case must be remanded to state court.

On February 12, 2010, the Removing Defendants filed a supplemental notice of removal, asserting an additional basis for jurisdiction due to Fannie Mae's addition as a party. They argue Fannie Mae's presence as a defendant confers original jurisdiction upon federal courts under provisions 12 U.S.C. § 1723a(a), the Fannie

Mae charter. On March 7, 2010, Plaintiff moved to remand for lack of subject matter jurisdiction. Thus, the Court must determine whether subject matter jurisdiction exists.

### STANDARD OF REVIEW

The party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993). Due to federalism concerns, the removal statute should be construed strictly in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934) ("The policy of the statute calls for its strict construction."); *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 921–22 (5th Cir.1997). Any ambiguities are construed against removal. *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979). An action removed to federal court must be remanded if the district court determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *McDonal v. Abbott Labs.,* 408 F.3d 177, 182–83 (5th Cir.2005).

### LAW & ANALYSIS

The Removing Defendants contend removal is proper for two reasons: (1) diversity jurisdiction exists because the Texas Defendants were improperly joined; and (2) the existence of Fannie Mae as a defendant compels the removal to federal forum under 12 U.S.C. § 1723a(a). The Court addresses each argument in turn.

### I. Diversity Jurisdiction

#### A. Complete Diversity

A defendant may remove a state-court action to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441. Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373–74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.,* 723 F.2d 1173, 1177 (5th Cir.1984) ("[W]here one or more plaintiffs sue one or more defendants, *each* plaintiff must be of a different citizenship than *each* defendant."). Diversity jurisdiction exists only when there is "an actual, substantial controversy between citizens of different states." *Zurn Indus., Inc. v. Acton Const. Co., Inc.,* 847 F.2d 234, 236 (5th Cir.1988).

The parties agree that Plaintiff is a citizen of California for diversity purposes. Thus, for diversity jurisdiction to exist, all defendants must be citizens of states other than California. It is apparent that is the case here. Because each defendant is diverse from Plaintiff, the Court determines that complete diversity exists in this case.

#### B. Local Defendant

But even when complete diversity exists, 28 U.S.C. § 1441(b) imposes a limitation on removal. *See* 28 U.S.C. § 1441(b). An action in which there exists complete diversity of citizenship is not removable if a defendant is a citizen of the state in which the action was brought. *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 531–32 (5th Cir.2006). The plaintiff can object to the improper removal by moving for remand within thirty days of removal. *See Denman v. Snapper Div.,* 131 F.3d 546, 548 (1998) ("[T]he presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal.").

The Removing Defendants argue that the Texas Defendants were improperly

joined and thus should be dismissed and disregarded for purposes of the jurisdictional analysis. It is true that a defendant may remove an otherwise non-removable case to federal court if the defendant can establish that the local defendant was improperly joined for the purpose of defeating federal jurisdiction. *See, e.g., Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004). The Removing Defendants may establish improper joinder by: (1) showing "actual fraud in the pleading of jurisdictional facts"; or (2) showing an "inability of the plaintiff to establish a cause of action against the [local defendants]." *Id.* "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

The Court must evaluate the factual allegations made in the state-court pleadings in the light most favorable to Plaintiff. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981). The Court need not determine whether the plaintiff will prevail on the merits. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir.2005). Rather, the Court need look only for a possibility that the plaintiff may prevail. *Id.* "If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham ... and is not fraudulent in fact or in law." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 43 (5th Cir.1992) (internal quotations omitted).

There are two proper methods for predicting whether a plaintiff has a reasonable basis of recovery under state law: (1) "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant"; or (2) "pierce the pleadings and conduct a summary inquiry" in cases in which the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

■ Carpenter, Crouch, and Crouch Insurance Consulting are local defendants. The Removing Defendants do not contend there is "actual fraud in the pleading of jurisdictional facts." Indeed, they agree that the Texas Defendants are Texas citizens. Rather, they argue that Plaintiff cannot show a legitimate cause of action against the Texas Defendants. Plaintiff's complaint asserts that Plaintiff contracted with Carpenter to manage the Property. Plaintiff alleges the contract obligated Carpenter to procure the proper insurance coverage for the Property and Carpenter breached his obligation. Further, Plaintiff alleges Carpenter entered into a side agreement with Crouch to purchase insufficient insurance coverage from Crouch Insurance. Assuming Plaintiff's factual allegations are true—as the Court must at this stage—the Court finds that Plaintiff asserts a claim against Carpenter upon which Plaintiff has a reasonable basis to seek recovery.[1] *See Smallwood*, 385 F.3d at 573; *B, Inc.*, 663 F.2d at 550.

---

1. The Court makes no finding as to the weight of Plaintiff's claim or the probability of Plaintiff prevailing on the claim. The court simply finds that Plaintiff's claim survives the Rule 12(b)(6)-type analysis for purposes of determining whether joinder of the Texas Defendants is proper. *See Smallwood*, 385 F.3d at 573.

Next, then, the Court must determine whether removal is proper despite the existence of the Texas Defendants in the case. Because a local defendant is statutorily prohibited from removing a case on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1441(b), Plaintiff is entitled to remand if an objection is filed within thirty days of removal. *See Denman*, 131 F.3d at 547. Plaintiff moved to remand within the allotted thirty-day time-period and is therefore entitled to remand unless another basis for jurisdiction exists. Thus, the Court must determine if another basis for subject matter jurisdiction exists in this case.[2]

## II. Original Jurisdiction

 Next, the Removing Defendants argue subject matter jurisdiction nevertheless exists because Defendant Fannie Mae's charter grants it the protection of a federal forum. Fannie Mae's charter authorizes the organization "to sue and be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1723a(a). Defendants contend this provision, standing alone, confers upon the Court original subject matter jurisdiction in this case. Thus, Defendants argue, removal is proper merely because Fannie Mae is a named defendant.

To support their argument that original jurisdiction exists, Defendants rely upon *American National Red Cross v. S.G.*, 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992). In that case, faced with a similar—but not identical—"sue-and-be-sued" provision in the Charter of the American National Red Cross, the Supreme Court of the United States held that the language authorizing the organization "to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States," confers original jurisdiction to federal courts. *Red Cross*, 505 U.S. at 251, 112 S.Ct. 2465. The Court reached this conclusion only after examining the history of "sue-and-be-sued" provisions in federally chartered organizations as supporting "the rule that a congressional charter's 'sue and be sued' provision *may* be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts." *Id.* at 255, 112 S.Ct. 2465 (emphasis added). Defendants contend *Red Cross* compels the conclusion that original jurisdiction exists in this case and, thus, removal is proper despite lack diversity or any other independent basis of jurisdiction.

As an initial matter, the Court finds no opinion of the United States Court of Appeals for the Fifth Circuit applying *Red Cross* in interpreting the Fannie Mae "sue-and-be-sued" charter language. Moreover, it appears that the United States Court of Appeals for the District of Columbia and a few district courts across the country have addressed it and its effect on federal jurisdiction, with those courts taking divergent opinions. *Compare Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779, 785 (D.C.Cir.2008), *and In re Fannie Mae 2008 Sec. Litig.*, Nos. 08 Civ. 7831(PAC), 09 Civ. 1352(PAC), 2009 WL 4067266, at *2–3 & n. 1 (S.D.N.Y. Nov. 24, 2009), *and Grun v. Countrywide Home Loans, Inc.*,

---

**2.** It is not apparent from the record that all of the defendants consented to removal, including the Texas Defendants. It is axiomatic that all defendants in a case must consent to removal. *See, e.g., Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants Local 349*, 427 F.2d 325, 326–27 (5th Cir.1970)

(citing *Chicago, Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)). Even those defendants who themselves would not be able to remove the case to federal court must consent to removal by their co-defendants. *See Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir.1992).

No. Civ. A. SA.–03–CA–0141–XR, 2004 WL 1509088, at \*2 (W.D.Tex. July 1, 2004), *and C.C. Port, Ltd. v. Davis–Penn Mortgage Co.*, 891 F.Supp. 371, 372 (S.D.Tex. 1994), *aff'd* 61 F.3d 288, 291 (5th Cir.1995), *with Knuckles v. RBMG, Inc.*, 481 F.Supp.2d 559, 562–66 (S.D.W.Va.2007), *and Fed. Nat'l Mortgage Ass'n v. Sealed*, 457 F.Supp.2d 41, 46–47 (D.D.C.2006), *overruled by Pirelli*, 534 F.3d at 785, *and Poindexter v. Nat'l Mortgage Co.*, 94 C 5814, 1995 WL 242287, at \*10 (N.D.Ill. April 24, 1995) (citing *Saraco v. Hallett*, 831 F.Supp. 1154, 1162 (E.D.Pa.1993); *W. Sec. Co. v. Derwinski*, 937 F.2d 1276, 1279 (7th Cir.1991)).

Defendants point the Court to the D.C. Circuit's opinion in *Pirelli* as authority for its preferred construction of the Fannie Mae charter's "sue-and-be-sued" provision. In *Pirelli*, the D.C. Circuit relied upon *Red Cross* and concluded the Fannie Mae "sue-and-be-sued" language "provides federal subject matter jurisdiction to Fannie Mae cases." *Pirelli*, 534 F.3d at 785. The court reasoned that Congress would have omitted the word "Federal" from the statute, instead of adding the words "of competent jurisdiction," if it desired to eliminate federal jurisdiction in Fannie Mae cases. *Id.* at 786. The court pointed to the deletion of "Federal" from the Federal Savings and Loan Insurance Corporation charter as support for its analysis. *Id.* at 786–87. Thus, the court concluded that by specifically referring to federal courts in the Fannie Mae charter, Congress intended to provide federal courts original jurisdiction in all cases in which Fannie Mae is a party. *Id.*

The Removing Defendants argue that "in light of this clear precedent contrary to [Plaintiff's] position" the Court should deny remand. The Court is unconvinced. First, *Pirelli* is not binding on this Court, and, given other courts' more persuasive analyses, the Court is finds that *Red Cross* does not compel a decision in this case that original jurisdiction exists. Rather, the Court finds the "sue-and-be-sued" provision in the Fannie Mae charter requires an independent source of subject matter jurisdiction. This is so because the Fannie Mae "sue-and-be-sued" provision differs distinctly from the language with which the Supreme Court was confronted in *Red Cross*. Indeed, as the *Pirelli* court admitted, "the Fannie Mae sue-and-be-sued clause differs from the Red Cross statute" in that the Fannie Mae clause contains the words "of competent jurisdiction," whereas the Red Cross charter does not. *Id.* at 784–85. And, the *Pirelli* court acknowledges that other courts have read this language to simply waive immunity and require an independent basis of jurisdiction in federal court. *Id.* Nonetheless the *Pirelli* court took the opposite view. The Court disagrees with *Pirelli*.

First, the district courts that have most thoroughly analyzed this issue have found that the Fannie Mae charter's "sue-and-be-sued" clause merely allows that plaintiffs may sue Fannie Mae in federal court but that Fannie Mae's existence as a defendant does not compel removal to federal court. *See Knuckles*, 481 F.Supp.2d at 562–66; *Sealed*, 457 F.Supp.2d at 46–47, *overruled by Pirelli*, 534 F.3d at 785; *see also Poindexter*, 1995 WL 242287, at \*10.[3] In *Knuckles*, the court explained that the addition of the "of competent jurisdiction" language in the Fannie Mae charter is significant and distinguishes it from the "sue-and-be-sued" provision in the Red Cross charter. *Knuckles*, 481 F.Supp.2d

---

3. Although the D.C. Circuit overruled *Sealed* with its opinion in *Pirelli*, 534 F.3d at 785, the Court is not bound by *Pirelli* and finds the *Sealed* analysis, like that of *Knuckles*, persuasive.

at 563. Indeed, the court explained that this difference is not "merely semantic, but ha[s] jurisdictional effect" because "each word in a statute should be given effect and linguistic superfluity avoided." *Id.* at 563 (citing *Scheidler v. Natl. Org. for Women, Inc.*, 547 U.S. 9, 126 S.Ct. 1264, 164 L.Ed.2d 10 (2006)). The court went on to explain that "for the phrase 'any court of competent jurisdiction' to have any meaning it should be read as differentiating between state and federal courts that possess 'competent' jurisdiction, i.e., an independent basis for jurisdiction, from those that do not." Finally, the *Knuckles* court elaborated:

> To conclude, as Fannie Mae suggests, that its charter could be read to confer original federal jurisdiction in all suits in which it is a party, notwithstanding the absence of an independent basis for federal jurisdiction, would effectively eliminate the phrase 'of competent jurisdiction' from the charter. Stated differently, were the court to adopt Fannie Mae's reading of its charter, all federal courts would possess jurisdiction, regardless of competency.

*Id.*

Like the court in *Knuckles*, this Court finds that *Red Cross* does not compel the conclusion that the "sue-and-be-sued" language in Fannie Mae's charter necessarily mandates a federal forum. Rather, the Court reads the phrase "of competent jurisdiction" to require an independent basis for jurisdiction to be proper in federal court. *See id.* This conclusion is supported by the fact that the charter language itself explicitly states that Fannie Mae may "be sued in *any* court of competent jurisdiction, *State* or Federal." (emphasis added). To find, as the Removing Defendants urge, that this language grants Fannie Mae an automatic right to remove to federal court regardless of the lack of

an independent basis for federal jurisdiction would belie the plain language of the charter and effectively eliminate a Plaintiff's statutory right to bring suit against Fannie Mae in state court.

Moreover, the D.C. Circuit's contention that Congress would have omitted the word "Federal" from the statute, instead of adding the words "of competent jurisdiction," if it desired to eliminate federal jurisdiction in Fannie Mae cases is unpersuasive. As the *Knuckles* court clearly explained, elimination of federal jurisdiction could not reasonably be Congress's intent and cannot be fairly read into the construction of the Fannie Mae charter's "sue-and-be-sued" language. *See id.* at 564 & n. 4. Rather, the predication of federal jurisdiction upon some additional basis must have been the legislative concern when Congress included the "of competent jurisdiction, State or Federal" language into the Fannie Mae charter. This must be so because Congress included this additional language—"of competent jurisdiction"—to the Fannie Mae charter seven years after the Supreme Court put Congress on notice of the precise language in federal charters that would be sufficient to confer federal jurisdiction. *Id.*; *see also Red Cross*, 505 U.S. at 254–55, 112 S.Ct. 2465 (citing *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 455–56, 62 S.Ct. 676, 86 L.Ed. 956 (1942)).

In *Red Cross* the Supreme Court explained that it placed Congress on notice of the language sufficient to confer original jurisdiction with its opinion in *D'Oench, Duhme. Red Cross*, 505 U.S. at 254–55, 112 S.Ct. 2465. The Court further explained that, because Congress placed substantially identical language in the Red Cross charter as was found to grant federal jurisdiction in *D'Oench, Duhme*, Congress intended for the Red Cross to have the protection of a federal forum. *Id.* It

follows then that because Congress chose to use substantially different language seven years later when amending the Fannie Mae charter—including the modifying language, "of competent jurisdiction"—Congress intended for there not to be original federal jurisdiction, but rather intended for the federal forum to be available if that forum was "competent" to hear the case. *See Knuckles,* 481 F.Supp.2d at 563–64. That is, the federal forum would be appropriate if there existed an independent basis of jurisdiction. *See id.*

Other district courts have reached the same conclusion. *See, e.g., Poindexter,* 1995 WL 242287, at *10 (distinguishing *Red Cross* and finding the phrase " 'in any court of competent jurisdiction, State or Federal,' impl[ies] that one must look elsewhere or determine competence" (citing *Hallett,* 831 F.Supp. at 1162; *Derwinski,* 937 F.2d at 1279)). But still other courts take the opposite view. *See, e.g., In re Fannie Mae 2008 Sec. Litig.,* 2009 WL 4067266, at *2–3 & n. 1 (following *Pirelli* and concluding that removal of the case was proper). Indeed, one court in this district and a court in the Western District of Texas has denied remand and assumed, without analysis or explanation, that subject matter jurisdiction existed based solely on § 1723a(a). *See Grun,* 2004 WL 1509088, at *2; *CC Port, Ltd.,* 891 F.Supp. at 372 (assuming subject matter jurisdiction based on § 1723a(a)). Although these courts can be persuasive, they are not binding on this Court. Furthermore, these courts provided nothing more than a conclusory statement that their jurisdiction was predicated upon the Fannie Mae charter's "sue-and-and-be-sued" provision. Given the more compelling analysis detailed above and the absence of Fifth Circuit authority on this question, the Court is persuaded that *Red Cross* and the Fannie Mae charter language do not work to automatically grant federal jurisdiction.

Finally, a substantial number of circuit courts, including the Fifth Circuit, have found that the identical "sue-and-be-sued" language found in 12 U.S.C. § 1702 does not automatically confer federal jurisdiction. Indeed, the "majority of federal circuit courts have interpreted the phrase 'in any court of competent jurisdiction, State or Federal' found in 12 U.S.C. § 1702 respecting the Secretary of Housing and Urban Development, have rejected the proposition that this language serves as a grant of federal jurisdiction." *Knuckles,* 481 F.Supp.2d at 563 (citing, among others, *Industrial Indem., Inc. v. Landrieu,* 615 F.2d 644, 647 (5th Cir.1980)). The Fifth Circuit, in fact, made clear in *Industrial Indemnity, Inc. v. Landrieu,* that the language "is plainly no more than a waiver of sovereign immunity and requires another statute to grant jurisdiction in order to make a court competent to hear a case...." *Landrieu,* 615 F.2d at 647. That reasoning is no less compelling when applied to the identical language found in 12 U.S.C. § 1723a(a).

Accordingly, the Court finds that Fannie Mae's charter does not work to confer original subject matter jurisdiction upon the Court to hear this case. Because, as the Court has explained, diversity jurisdiction is not proper here, and no other basis for federal jurisdiction exists, the Court lacks subject matter jurisdiction and this case should be remanded to state court.

III. Attorneys' Fees

▮ Finally, Plaintiff urges the Court to award it attorneys' fees pursuant to 28 U.S.C. § 1447(c). Under § 1447(c), "[a]n order remanding the case may require payment of costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court may award attorneys' fees at its discretion, and

"[t]here is no automatic entitlement to an award of attorney[s'] fees." *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir.2000). Instead, courts consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293. Defendants removed this case on the basis of diversity and original jurisdiction. Although unsuccessful, both arguments Defendants presented were objectively reasonable. Consequently, the Court declines to award attorneys' fees in this case.

## CONCLUSION

The Court must remand this case to state court. The case does not present a federal question nor is diversity jurisdiction proper due to the presence of local defendants. Furthermore, Defendants have not met their burden of proving the local defendants were improperly joined. Accordingly, the Court hereby

ORDERS that Plaintiff Rincon Del Sol, LLC's Motion to Remand is GRANTED. The Court farther

ORDERS that Defendants Crouch Insurance Consulting, Ltd., LLC and Gregory Crouch's Rule 12(b)(6) Motion to Dismiss is DENIED as moot. The Court further

ORDERS that Defendant Michele Whiteside's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to FED. R.CIV.P. 12(b)(2), and, Subject Thereto, Defendants Michele Whiteside, Fannie Mae, Fannie Mae Foundation, Bank of America Corporation, Trimont Real Estate Advisors, Inc., and Tritex Real Estate Advisors, Inc.'s Motion to Dismiss Plaintiff's Claims Pursuant to FED.R.CIV.P. 9(b) and 12(b)(6) is DENIED as moot. The Court further

ORDERS that this case is hereby REMANDED to the 281st Judicial district Court of Harris County, Texas.