NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-3049

———————

PATRICIO YANES-ZEPEDA, AKA Patricio Zepeda Yanes,
AKA Christian Patricio Yanes Zepeda, AKA Oscar Zuniga,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

———————

On Petition for Review of a Final Order
Of the Board of Immigration Appeals
(No. A78-496-285)
Immigration Judge: John B. Carle

———————

Submitted Under Third Circuit LAR 34.1(a)
on April 22, 2021

Before: AMBRO and RESTREPO, Circuit Judges, and NOREIKA, District Judge*

(Opinion Filed: April 30, 2021)

———————

* Honorable Maryellen Noreika, District Judge, United States District Court for the
District of Delaware, sitting by designation.

AMBRO, Circuit Judge

Petitioner Patricio Yanes-Zepeda seeks our review of the denial by the Board of Immigration Appeals ("BIA") of his motion to reopen his removal proceedings. Because he has forfeited all relevant issues, we deny his petition for review.

Yanes-Zepeda is a native and citizen of Honduras who entered the United States illegally in 2000 and was removed in 2004 by a deportation order. He reentered the country in 2017, at which time the Department of Homeland Security served him with a Notice of Intent/Decision to Reinstate his prior deportation order. Based on his experiences with gang violence in Honduras, Yanes-Zepeda applied for withholding of removal and protection under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") and the BIA denied him relief, concluding he had not demonstrated that he suffered past persecution or would likely be tortured if he returned to Honduras. He filed a petition for review, which we denied. *Yanes-Zepeda v. Att'y Gen.*, 793 F. App'x 81 (3d Cir. 2019) ("*Yanes-Zepeda I*").

In March 2020, Yanes-Zepeda filed a motion to reopen the proceedings. Ordinarily, that motion must be filed no more than ninety days from the entry of a final administrative order of removal. 8 C.F.R. § 1003.2(c)(2). Yanes-Zepeda's motion did

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

not satisfy this requirement. However, the ninety-day filing deadline does not apply to motions to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). In an apparent effort to overcome the untimeliness of his motion, Yanes-Zepeda asserted to the BIA that conditions in Honduras had deteriorated since the agency last considered his case. The BIA denied this motion because he did not demonstrate "a material change in country conditions in Honduras" sufficient to surmount the timeliness issue. A.R. 4. The BIA also briefly addressed the merits of his withholding of removal and CAT claims, reaffirming its previous conclusions. And the BIA concluded that to the extent Yanes-Zepeda's motion could be construed as a motion to reconsider, it was untimely because it was not filed within thirty days of the Board's initial decision, *see* 8 C.F.R. § 1003.2(b)(2), and was otherwise meritless. Yanes-Zepeda again filed a petition for review in our Court.[1]

Although Yanes-Zepeda's petition rises or falls on the existence of changed circumstances in Honduras, his appellate brief fails to address that issue substantively or to discuss any of the reasons the BIA gave for denying his motion.[2] Accordingly, those

---

[1] The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.2(a). We have jurisdiction under 8 U.S.C. § 1252(a).

[2] Troublingly, much of Yanes-Zepeda's appellate brief is copied verbatim from the brief he filed to support his first petition for review. We expect more from counsel representing vulnerable petitioners in immigration cases. As we have emphasized in other contexts, it is unacceptable to file a "copy-and-paste [petition]" that does not "bother[] to explain what the [BIA] did wrong." *See Conboy v. United States Small Bus. Admin.*, 992 F.3d 153, 158 (3d Cir. 2021).

issues are forfeited.  *See Lie v. Ashcroft*, 396 F.3d 530, 532 n.1 (3d Cir. 2005) (noting that arguments not raised on appeal in an immigration proceeding are forfeited).  The sole argument Yanes-Zepeda raises is that the BIA erred in concluding his past experiences did not constitute persecution.  But we explicitly rejected that argument the first time his case came before us.  *See Yanes-Zepeda I*, 793 F. App'x at 83–84.  And even if it were appropriate to relitigate that issue, Yanes-Zepeda could still not overcome his forfeiture of the BIA's other grounds for denying his motion.

*     *     *     *     *

We thus deny the petition for review.