**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-3403

———————

BRIANNA MURPHY,

Appellant

v.

LT. LISA KING, in her personal and official capacities;
SGT. SABRINA McCOY, in her personal capacity

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-20-cv-02230)
District Judge: Honorable Eduardo C. Robreno

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 3, 2023

Before: JORDAN, ROTH, and AMBRO, Circuit Judges

(Opinion filed: February 8, 2024)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

**AMBRO**, Circuit Judge

Brianna Murphy, who had a valid license to carry a firearm, non-fatally shot her neighbor in self-defense outside of her home. Her license to carry was subsequently revoked, but Murphy did not receive notice of the revocation. She thus continued to carry a firearm and only became aware of the revocation after she was pulled over for a traffic violation and arrested for carrying a firearm without a license. She was later released, the charges against her were withdrawn, and her gun license was reinstated.

Murphy filed a lawsuit claiming, as relevant here, that the Gun Permit Unit of the Philadelphia Police Department, supervised by Police Lieutenant Lisa King, has an unconstitutional policy or custom of failing to make reasonable attempts to notify citizens of revocations of their licenses to carry, resulting in due process violations. Murphy appeals the District Court's orders granting summary judgment in favor of King and subsequently denying reconsideration.[1] For the reasons that follow, we affirm both orders of the District Court.

## I.

As noted, Murphy had a license to carry a firearm and shot her neighbor in self-defense outside of her home on October 8, 2018. While initially arrested and deprived of her firearm, she was not charged with a crime and her firearm was returned to her.

---

[1] There is some confusion in Murphy's briefing as to what order(s) or judgment she is appealing. To clarify: she appeals immediately from the District Court's order of November 17, 2022, denying her reconsideration motion and also appeals the object of that reconsideration motion, namely the Court's order of September 22, 2022, granting King's summary judgment motion.

Nonetheless, on October 9, 2018, the City of Philadelphia Police Department's Gun Permit Unit ("GPU") revoked Murphy's gun license for her conduct the previous day. Lieutenant King has been the supervising officer of the GPU since 2003.

The GPU sent notice of the revocation by certified mail, but it was returned as unclaimed because it was sent to an address where Murphy no longer resided. As discussed in greater detail below, while King provides evidence supporting that the GPU also sent notice of the revocation by regular mail, Murphy contends that notice was *only* sent by certified mail. At any rate, no other letter (*i.e.*, a regular mail letter) was returned to the GPU as being undelivered. The GPU did not attempt to notify Murphy of the revocation by any further means.

Unaware her gun license had been revoked, Murphy continued to carry a firearm. When she was subsequently pulled over in January 2020 during a traffic stop, police officers of Radnor Township, Pennsylvania arrested her for carrying a firearm without a license. She was released on unsecured bond later that day, and the charges were ultimately withdrawn. In March 2021, Murphy's license to carry was reinstated.

Murphy filed a 42 U.S.C. § 1983 action, bringing multiple claims alleging due process violations against King in her individual and official capacities.[2] The District Court dismissed most of the claims, leaving only a single claim against King in her official capacity, alleging that she permitted a policy or custom at the GPU whereby it

---

[2] Murphy also brought a due process claim against Sabrina McCoy, the officer in charge of sending out license-revocation notices, in her individual capacity. That claim is not before us, having been previously dismissed by the District Court.

fails to make reasonable attempts to notify citizens of revocations of gun licenses in violation of due process under the Fourteenth Amendment.

The parties filed cross-motions for summary judgment. King's motion contained a declaration from Staff Inspector Francis Healy, an advisor to the Police Commissioner, with new evidence indicating that the GPU sent revocation letters both by certified mail and regular mail. Murphy's counsel objected to this late-appearing evidence. In light of this development, the District Court denied both motions for summary judgment without prejudice and reopened discovery, allowing the parties to depose Healy as well as King. Murphy's counsel deposed both.

In these depositions, both Healy and King made statements supporting that the GPU uses a two-letter revocation notice procedure and that the procedure was in place at the time Murphy's notice was sent out. Healy stated that, around 2014, he instructed the GPU to start sending revocation notices by both certified and regular mail. King testified that the GPU subsequently implemented the two-letter procedure and, as a result, Murphy would have received two notification letters.

After the new round of discovery, the parties filed renewed summary judgment motions. The District Court denied Murphy's motion and granted King's. Murphy moved for reconsideration, but the District Court denied it. She timely appealed.[3]

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291 to review the orders granting summary judgment in favor of King and denying Murphy's motion for reconsideration. We review *de novo* orders granting summary judgment. *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 176 (3d Cir. 2019). We apply the same test the District Court would use, meaning we review the facts in the light most favorable to the non-movant and grant summary judgment if the

## II.

On appeal, Murphy broadly argues that the GPU's notice process is constitutionally insufficient under *Jones v. Flowers*, 547 U.S. 220 (2006). She appears to make two separate arguments with respect to this contention: (1) there is a genuine dispute of material fact whether the GPU has a practice of sending two revocation letters, one by certified mail and one by regular mail; and (2) even if it has a practice of sending two revocation letters, that process is nonetheless insufficient to satisfy the due process principles set out in *Jones v. Flowers*. As noted below, neither argument persuades us.

Murphy's claim rests on a theory of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). To establish municipal liability, she must demonstrate that a local government's "policy or custom" caused her injury. *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Monell*, 436 U.S. at 694). Murphy alleges that King permitted the GPU to "enforce a pattern and custom of failing to make any reasonable attempts to notify citizens of [license-to-carry] revocations after revocation letters are returned as undeliverable, in light of the principles announced [in] *Jones v. Flowers* . . . in violation of the Due Process Clause of the Fourteenth Amendment." App. 15.

---

movant shows "there is no genuine dispute as to any material fact" and it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review a denied motion for reconsideration for an abuse of discretion. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999).

In *Jones*, the United States Supreme Court examined the issue of whether the government must take additional, reasonable steps to provide notice before taking property from someone to whom a notice of a tax sale is mailed but is returned as undelivered. *Jones*, 547 U.S. at 223. The Court concluded that when a mailed notice of a tax sale is returned as unclaimed, the government must take additional, reasonable steps to attempt to provide notice to the property owner before selling the property "if it is practicable to do so." *Id.* at 225.

Relying on this broader principle, Murphy argues that the GPU's policy or custom regarding revocation letters is constitutionally insufficient because if a revocation letter is returned as being undelivered, no additional attempt is made to communicate with the intended recipient. While Murphy's briefing largely assumes that the GPU sends only one notice letter (and, in her view, fails to make any attempt to notify beyond sending the one certified letter), she appears also to argue that, even if the GPU sends two letters (one via certified and one via regular mail), that would still be insufficient for due process because no further attempt, beyond the two letters, is made to notify the intended recipient. King does not dispute that no further attempt is made to notify someone of her license revocation if the mail is returned as undelivered.

Regarding whether the GPU sends out one or two notice letters to someone whose license to carry has been revoked, the District Court concluded that there was "no evidence" disputing Healy and King's testimony that the GPU had a practice of sending out *two* notice-of-revocation letters. App. 26. In doing so, the Court disregarded "Murphy's speculation, selective use of the deposition testimony and declarations, and

6

inflammatory allegations" regarding the late-discovered evidence supporting that the two-letter policy was in place at the time of Murphy's revocation. App. 27. In sum, it concluded that no reasonable jury could find that Healy failed to recommend the two-letter policy to King in 2014 and that King did not thereafter implement such a policy.

On whether the two-letter notification process satisfies the due process principles of *Jones*, the District Court concluded that the policy of sending revocation letters both by certified and regular mail meets the dictates of due process. Specifically, it ruled that such a policy "has the same practical effect as resending the letter by regular mail in the event the certified letter is returned," which, it noted, the U.S. Supreme Court determined would meet the demands of due process in *Jones*. App. 29; *see Jones*, 547 U.S. at 234 (stating that, where a certified letter was returned as being unclaimed, one additional, reasonable step to attempt to notify the intended recipient would be to "resend the notice by regular mail").

On appeal, Murphy attempts to create a genuine dispute of material fact on whether the GPU has a policy of sending two revocation-notice letters. But she fails to demonstrate any genuine dispute because none of the evidence she relies on contradicts Healy and King's testimony supporting that the GPU has had a policy of sending two letters—one by certified mail and one by regular mail—since before Murphy's revocation. Instead, her briefing takes various statements out of context to suggest that only one letter was sent. As before the District Court, Murphy has pointed to no evidence genuinely disputing that the GPU implemented a two-letter policy before her revocation.

7

Murphy also appears to argue on appeal that, even if the GPU has implemented a two-letter policy, it nonetheless fails to comply with the due process principles in *Jones*. But Murphy has forfeited this issue because she failed to raise it before the District Court in her summary judgment briefing, which was similarly premised on the contention that the GPU sends only a single revocation-notice letter.[4] Overlooking that the argument was not previously raised, the District Court nonetheless concluded that, for the reasons stated in its opinion granting summary judgment in favor of King, Murphy's "interpretation of *Jones* is incorrect" and the GPU's two-letter process is sufficient under that holding. Supp. App. 134-35.

Even if Murphy had not forfeited the issue, she fails to make any persuasive legal argument as to why the GPU's policy of sending two notification letters, one by certified mail and one by regular mail, does not satisfy the due process principles of *Jones* to the extent they are applicable here. In fact, her briefing does not include any specific, developed argument on why the District Court's conclusion that the due process principles of *Jones* are satisfied was legally incorrect.[5] Especially in the absence of such argument, we find the District Court's reasoning persuasive.

---

[4] While Murphy did raise this argument in her motion for reconsideration, the District Court noted that she had failed to do so in her summary judgment motion (despite being able to do so at that time), for which reason the argument was improperly raised on a motion for reconsideration.

[5] Indeed, large portions of Murphy's opening—and only—brief appear to have been simply copied from her summary judgment briefing in the District Court, which may explain why it fails to grapple squarely with the issues presented on appeal. *See Conboy v. U.S. Small Bus. Admin.*, 992 F.3d 153, 157 (3d Cir. 2021) (stating that copying

8

For these reasons, the Court properly granted summary judgment for King and denied Murphy's motion for reconsideration. We affirm.

_____

and pasting summary judgment briefing into an appellate brief with minor changes does not constitute "proper appellate advocacy").